OPINION
On June 21, 1994, Donald King was involved in an automobile accident with a car driven by Juan Vallejo and owned by Ramiro Vallejo. At that time, King was a named insured under a policy of automobile insurance issued by Progressive with uninsured/underinsured motorist ("UM") benefits coverage of $100,000 per person and $300,000 per accident. Juan Vallejo was also insured by Progressive with liability coverage of $12,500 and Ramiro Vallejo was insured by Farmer's Insurance Company with liability coverage of $12,500. On May 29, 1996, Progressive authorized appellants' counsel to settle appellants' claim against Farmer's for Ramiro's policy limits, $12,500. Progressive further authorized settlement with itself under Juan's Progressive policy for $10,000. In the letter to appellants' counsel authorizing the settlements, Tracie Glashan, Progressive's senior claims representative, invited appellants' counsel to submit a claim for underinsured motorist coverage under appellants' policy with Progressive.
On December 19, 1996, appellants filed a complaint in the lower court alleging that they had given Progressive notice of their claim for UM benefits pursuant to their policy of insurance, that they had demanded that Progressive make payment under the UM coverage and that Progressive had refused to make such payment. Appellants then alleged that Progressive's denial of UM benefits was not based on circumstances that reasonably justified the denial and that such constituted bad faith. Appellants demanded a judgment against Progressive in the amount of $1,000,000 for compensatory and punitive damages. Appellants did not, however, file a complaint for declaratory judgment and did not attach a copy of the insurance contract to the complaint.
On October 28, 1997, Progressive filed a motion for summary judgment asserting that appellants' claim for UM benefits under the policy was barred by the two-year statute of limitations set forth in the insurance contract. Appellants responded with a memorandum in opposition claiming that the two-year statute of limitations set forth in the policy does not begin to run until there has been an exhaustion of the tortfeasor's liability limits. On December 3, 1997, the trial court filed an opinion and judgment entry granting Progressive summary judgment. The court specifically found that because there was no exhaustion clause in the policy at issue, appellants were required to file their claim for UM benefits within two years of the date of the accident. The court then held that the statute of limitations in the present case began to run on June 21, 1994, the date of the accident, and that appellants' claim was therefore time-barred. It is from that judgment that appellants now appeal raising the following assignment of error:
 "The trial court erred in granting defendant's motion for summary judgment because the statute of limitations in an action to recover underinsured motorist benefits does not accrue until exhaustion of the underlying policy."
In reviewing a ruling on a motion for summary judgment, we must apply the same standard as the trial court. Lorain Nat.Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
In our view, the complaint filed in the court below only set forth a cause of action against Progressive for bad faith. Although both parties and the lower court have misconstrued the present action as one to recover UM benefits, nothing in the complaint can be construed as a demand for a determination of rights under the insurance contract or an actual demand for benefits under the contract. Indeed, appellants did not attach a copy of the insurance contract to the complaint. Such an attachment is required in an action founded upon a written instrument. Civ.R. 10(D). A tort claim for bad faith "* * * is independent of the contract of insurance and is not subject to the limitation period contained in the policy." United Dept. StoresCo. No. 1 v. Continental Cas. Co. (1987), 41 Ohio App.3d 72, 73. Rather, such a claim is "* * * controlled by the four-year limitations period established by R.C. 2305.09(D)." BulletTrucking, Inc. v. Glen Falls Ins. Co. (1992), 84 Ohio App.3d 327,333.
Accordingly, appellants' claim for bad faith was timely filed and the trial court erred in granting Progressive summary judgment based upon an inapplicable statute of limitations. The sole assignment of error is well-taken to the extent that it challenges the lower court's grant of summary judgment. However, to the extent that the assignment of error asks this court to determine the appropriate statute of limitations in an action to recover UM benefits, we find it moot.
On consideration whereof, the court finds that substantial justice has not been done the party complaining and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to the trial court for further proceedings consistent with this opinion. Court costs of this appeal assessed to appellee.
JUDGMENT REVERSED.
 George M. Glasser, J.
 Melvin L. Resnick, J.
 James R. Sherck, J.
CONCUR.